**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **TEAL PEAK CAPITAL, LLC;**<br><br>Plaintiff,<br><br>v.<br><br>**ALAN BRAM GOLDMAN;**<br><br>Defendants. | Civil No. 3:20-cv-01747 (PAD)<br><br>BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |

**MOTION REQUESTING ORDER OF PROHIBITION TO ALIENATE AND/OR OTHERWISE DISPOSE OF REAL PROPERTY**

**TO THE HONORABLE COURT:**

**COMES NOW**, Plaintiff **Teal Peak Capital, LLC** ("TPC" and/or "Plaintiff") through the undersigned attorney, and respectfully alleges, states, and prays as follows:

**I.   INTRODUCTION AND SUMMARY OF RELEVANT FACTS**

TPC brought forth a suit against Alan Bram Goldman ("Goldman" and/or "Defendant") because of the latter's utter breach of his obligations to perform, as set forth in the Option to Purchase Agreement (the "Option Agreement"). *See,* Docket No. 1, ¶ 9. Precisely because of the relief sought in the captioned Complaint (the "Complaint"), namely, that Defendant complete the closing and sale of the property in question (the "Property") to TPC, as agreed to in the *Option Agreement*, TPC has no other option but to seek a pre-judgment relief from this Court to prohibit Defendant from disposing of, or otherwise selling the Property until the present suit can be resolved in its merits.

**Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property**
Teal Peak Capital, LLC v. Alan Goldman
Civil No. 3:20-cv-01747 (PAD)
Page 2 of 8

Specifically, TPC claims in its *Complaint* that on October 23, 2020, John-Michael Grzan, his wife, Namrata Khimani (together, "Grzan-Khimani"), and Goldman executed the *Option Agreement*, whereby Goldman granted to Grzan-Khimani an exclusive option to purchase the Property. Grzan-Khimani subsequently designated TPC as their assignee to the *Option Agreement*, as TPC would be purchasing the Property. The Property is located at The Estates #13, Dorado, Puerto Rico 00646. The Property has a registry description as follows:

> "RUSTIC: Lot located in the North Side Development, Phase One of Dorado Beach Estates, Inc. Ward Higuillar of the Municipality of Dorado, Puerto Rico, which is described in the inscription plan of said North Side Development, Phase One with number, area and boundaries that are hereinafter related: Lot number Thirteen (13) with an area of Five Thousand Three Hundred Ninety Nine square meters and Four Thousand Seven Hundred Thirty One Ten-Thousands of a Square Meter (5,399.4731); bounding on the South, with an interior Street of the North Side of the Development, Phase One Dorado Beach Estates, Inc. on the North, with lots number Seventeen (17) and Eighteen (18) of the said North Side Development, Phase One, on the East, with Lot number Twelve (12) of the said North Side Development, Phase One; and on the West, with lot number Fourteen (14) of the said North Side Development, Phase One."

The Property is recorded in the Registry at page 123 of volume 46 of Dorado, property number 1,746.

The *Option Agreement* provides that TPC had thirty (30) calendar days from the date of its execution – or until November 23, 2020 – to exercise the option (the "Exercise Period"). Pursuant to Clause 5 of the *Option Agreement*, both parties agreed to "**make best and reasonable efforts to provide needed material and take reasonable action necessary to close in a timely manner.**" *See*, Docket No. 1, ¶ 12. However, although TPC exercised its exclusive right of option, wired **$200,000.00** to The Title Security Group, LLC (the "Escrow Agent") for the initial deposit (the "Deposit"), and made multiple efforts to purchase the Property, Goldman has refused to comply with his obligations under the *Option Agreement*.

Goldman failed to provide Plaintiff with the necessary documentation for closing during the

Case 3:20-cv-01747-PAD   Document 4   Filed 01/22/21   Page 3 of 8

**Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property**
Teal Peak Capital, LLC v. Alan Goldman
Civil No. 3:20-cv-01747 (PAD)
Page 3 of 8

*Exercise Period*. Because of this, Plaintiff extended the *Exercise Period* for an additional thirty (30) days – or until December 23, 2020, by wiring **$600,000.00** to the *Escrow Agent*. On November 24, 2020, the *Escrow Agent* wired the Extension Payment to Defendant, who to this day, is still in possession of the aggregate amount of **$800,000.00**. Despite Plaintiff's efforts to purchase the Property in accordance with the *Option Agreement*, Defendant has blatantly refused to comply with his contractual obligations, essentially refusing to sell the Property to TPC. In turn, TPC has fully complied with its obligations and has made diligent and reasonable efforts, as agreed to on the *Option Agreement*, to close on the purchase and sale of the Property.

In light of the above-mentioned facts, this case warrants an order of prohibition to alienate, pursuant to Rule 64 of the Federal Rules of Civil Procedure, which allows federal courts to grant remedies that "under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." *See*, Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 64. The First Circuit Court has stated that this rule "allows a federal court to borrow provisional remedies created by state law. For this purpose, Puerto Rico is deemed the functional equivalent of a state." Goya Foods, Inc. v. Wallack Management Co., 290 F.3d 63, 70 (1st Cir. 2002). Accordingly, Rule 56 of the Puerto Rico Rules of Civil Procedure contains the provisional remedy sought by the Plaintiff. Such a relief is necessary and warranted to ensure that Defendant's reckless actions do not result in robbing Plaintiff of any potential relief, particularly when the facts clearly favor Plaintiff in this case.

## II.   APPLICABLE LAW AND DISCUSSION

Rule 56 of the Puerto Rico Rules of Civil Procedure provides that "[i]n every action, before or after entering judgment, and on motion of claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the judgment." PR. Laws Ann. Tit. 32 App. V,

Case 3:20-cv-01747-PAD   Document 4   Filed 01/22/21   Page 4 of 8

**Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property**
Teal Peak Capital, LLC v. Alan Goldman
Civil No. 3:20-cv-01747 (PAD)
Page 4 of 8

Rule 56.1. As will be shown below, the appropriate remedy in this case is an order of prohibition to alienate. This Court has stated that "[a] federal district court has the authority to issue orders providing for seizure of property for the purpose of securing satisfaction of the Judgment ultimately to be entered in the action." Cisco Systems Capital Corp. v. Global Hotel Management Inc., 712 F.Supp.2d 22, 23 (D.P.R. 2010). Among the available remedies provided under Rule 56 are: (1) prohibition to alienate; (2) an order to do so or desist from doing any specific act; or (3) it may order any other measure that it deems appropriate, according to the circumstances of the case. P.R. Laws. Ann. Tit. 32 App. V, Rule 56.1.

Rule 56.2 of the Puerto Rico Rules of Civil Procedure requires notice before granting a provisional remedy, unless as established by Rules 56.4. This rule provides that a prohibition to alienate can be issued without previous notification "[w]hen a claimant demonstrates having a previous proprietary interest over the attached property, or the existence of extraordinary circumstances and the probability of prevailing through documentary evidence that demonstrates that the debt is liquid, due and payable." P.R. Laws. Ann. Tit. 32 App. V, Rule 56.4. This Court has also stated that provisional remedies can be issued with no notice of hearing when "Plaintiff has shown that it is likely to prevail on the merits through the use of authentic documentary evidence which shows there is a debt liquid, due and payable." Cisco Systems Capital Corp. v. Global Hotel Management Inc., 712 F.Supp.2d 22, 24 (D.P.R. 2010). In the present case, TPC has shown that it is the holder of a right to the property by means of the *Option Agreement*. The *Option Agreement* evidently lays out the Defendant's obligation to comply with the closing and sale of the Property, as well as the liquidity of the debt. A debt is liquid "when the amount of money owed is 'certain' and 'determined.'" Citibank. N.A., v. Allied Management Group, Inc., 466 F.Supp.2d

Case 3:20-cv-01747-PAD   Document 4   Filed 01/22/21   Page 5 of 8

**Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property**
Teal Peak Capital, LLC v. Alan Goldman
Civil No. 3:20-cv-01747 (PAD)
Page 5 of 8

403, 408 (D.P.R. 2006) (*quoting*, Ramos de Szendrey v. Colón Figueroa, 153 D.P.R. 546, official translation in 2001 JTS 33 (2001)).

Likewise, the extraordinary circumstances in this case merit the prohibition to alienate to be issued without previous hearing. The Court has previously stated that "extraordinary circumstances" are "those in which there is a showing that reasons exist to believe that the defendant is carrying out actions to transfer or encumber his or her properties in such a manner as to impair the execution of an adverse judgment." *Id.* at 407, (*quoting,* Connecticut v. Doehr, 111 S.Ct. 2105, 2115 (1991)). Since TPC exercised the option, Defendant has blatantly breached his obligations arising from the *Option Agreement*. Even after TPC sent a letter to Defendant informing him of the readiness of all the required documentation and expressing its willingness to finalize the purchase of the Property, Goldman has refused to cooperate and comply with his contractual obligations without any justifiable reason. *See*, Docket No. 1, ¶ 19. These circumstances give TPC reason to believe that Defendant could, at any given moment, transfer, encumber, or dispose of the property in a swift manner to avoid compliance.

As a general rule, before granting a provisional remedy, the court must order a bond pursuant to Rule 56.3 of Civil Procedure. *See*, P.R. Laws Ann. Tit. 32 App. V, Rule 56.3. However, the Rule also provides that the claimant may be relieved from filing a bond if it appears from public or private documents, as defined by law, that the obligation is legally enforceable. P.R. Laws Ann. Tit. 32 App. V, Rule 56.3. In the present case, Defendant's obligation is legally enforceable by virtue of the *Option Agreement*. This allows for the Court to grant the requested relief without filing a bond.

Rule 56 allows the courts a great level of flexibility when fashioning remedies. As this Court has stated, the rule grants the court "ample discretion in deciding whether to issue an order

Case 3:20-cv-01747-PAD   Document 4   Filed 01/22/21   Page 6 of 8

**Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property**
Teal Peak Capital, LLC v. Alan Goldman
Civil No. 3:20-cv-01747 (PAD)
Page 6 of 8

for provisional remedies." Río Grande Community Health Center, Inc. v. Aremendariz, Civil No. 03-1640 (GAG), 2015 WL 12819200 (D.P.R. 2015). This flexibility, "so necessary for the administration of justice, is the greatest virtue of Rule 56, virtue which we should promote and preserve instead of mystifying it with technical concepts and requirements." HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 914 (*quoting,* F.D. Rich Co. v. Tribunal Superior, 99 P.R.R. 155, 173 (1970)). When implementing Rule 56, the Court weighs "the property owner's interest against the need to protect the plaintiff's ability to recover for the wrongs alleged, along with the fairness considerations attendant to achieving "substantial justice"." Santos-Rodríguez v. Viera-Torres, Civil No. 11-1602 (JAG), 2011 WL 13350253, 3 (D.P.R. 2011). Were Goldman to dispose of the property, TPC's sought relief would become unattainable; therefore, the *Complaint* would become moot. For this reason, TPC finds no other reasonable way for achieving substantial justice than to secure the possible judgment in its favor, by requesting an order of prohibition to alienate, and thereby, preventing Goldman from transferring or encumbering the property.

In this case, TPC has submitted in its *Complaint* proof that it has a proprietary interest in the Property by means of the *Option Agreement*, that an extraordinary circumstance exists, given that Defendant might dispose of the property swiftly in order to avoid compliance, and that the obligations on the Defendant are due and enforceable. In support of this, TPC submitted the *Option Agreement* attached to the *Complaint*, and the documents detailing the attempts by TPC get Goldman to execute his obligations. The documents reflect that there is an outstanding obligation by Goldman (i.e., to sell the Property), and in the alternative (if Goldman is not forced to by this Court), then Goldman must return the $800,000.00 which are owed to TPC as debt, which to this day, is liquid, due. If Defendant proceeds to alienate the Property object of this suit to a third party,

Case 3:20-cv-01747-PAD   Document 4   Filed 01/22/21   Page 7 of 8

**Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property**
Teal Peak Capital, LLC v. Alan Goldman
Civil No. 3:20-cv-01747 (PAD)
Page 7 of 8

the relief sought by TPC in its *Complaint* would become moot. Consequently, the order of prohibition to alienate the property sought herein is necessary in order for TPC to secure the satisfaction of its judgment.

### III.    CONCLUSION

The nature of this case and the owed amounts make it more than appropriate for the sought relief. The relief requested is to which Goldman duly obligated himself when executing the *Option Agreement* and, as of today, Defendant has still not made any efforts to complete the sale of the Property. Defendant must comply with the *Option Agreement* by completing the closing and sale of the Property. The prohibition to alienate, or otherwise dispose of the Property, would guarantee the effectiveness of the judgment by allowing TPC to come into possession of the Property, when the *Option Agreement* is enforced.

Goldman's breach of his contractual obligations has left TPC no other choice but to take the appropriate and necessary measures to secure the potential judgment in its favor. Pursuant to Rule 56 of the Puerto Rico Rules of Civil Procedures, Plaintiff has the right to secure the satisfaction of whichever judgment is entered in its favor by obtaining an order of prohibition to alienate as a pre-judgment provisional remedy. If the provisional remedy is not granted, Defendant could transfer, encumber or conceal the Property, or take any action concerning the Property and assets, that could render the satisfaction of a future judgment unavailable. Accordingly, this Honorable Court should grant this motion and order the prohibition to alienate the Property, to secure satisfaction of a future judgment on behalf of TPC.

**WHEREFORE,** TPC respectfully requests this Honorable Court to grant the motion requesting a prohibition to alienate in its favor, declaring the rights of Plaintiff as set forth above.

**RESPECTFULLY SUBMITTED.**


**Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property**
<u>Teal Peak Capital, LLC v. Alan Goldman</u>
Civil No. 3:20-cv-01747 (PAD)
Page 8 of 8

In San Juan, Puerto Rico this 22 day of January 2021.

**WE HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and we have mailed a copy of the same to the Defendant at his last known address, at: 1014 Terrace St., Montpelier, VT 05602.

**Ferraiuoli** LLC

Attorneys for TPC
PO Box 195168
San Juan, PR 00919-5168
Tel.: 787.766.7000
Fax: 787.766.7001

*/s/ Jean G. Vidal-Font*
Jean G. Vidal-Font
USDC-PR No. 227811
Email: jvidal@ferraiuoli.com