## OPTION TO PURCHASE AGREEMENT

-**AS PARTY OF THE FIRST PART**: Alan Goldman, of legal age, single and resident of Dorado, PR (hereinafter referred to as "Seller").

-**AS PARTY OF THE SECOND PART**: John-Michael Grzan and Namrata Khimani, of legal age, married and residents of Dorado, PR, or their designated assignee (hereinafter referred to as "Purchaser").

Seller and Purchaser each represents and warrants that they have the necessary legal capacity and authority to enter into this Option to Purchase Agreement (hereinafter referred to as this "Agreement") and to fulfill all the terms and conditions hereunder, according to the following:

### COVENANTS AND CONDITIONS

1. **Property.** Seller is the sole owner of record in fee simple title of the Property located at: The Estates #13, Dorado, Puerto Rico 00646 (hereinafter referred to as the "Property").

2. **Grant of Option.** Seller hereby grants to Purchaser an exclusive option to purchase the Property pursuant to the terms and conditions contained herein.

3. **Purchase Price:** The purchase price agreed upon by both parties for the Property shall be the sum of THREE MILLION ONE HUNDRED AND FIFTY THOUSAND DOLLARS ($3,150,000), payable in the following manner: a good faith deposit of TWO HUNDRED THOUSAND DOLLARS ($200,000) (the "Deposit") payable by check, money order or wire transfer, deposited in an escrow account held by The Title Security Group, LLC (the "Escrow Agent"), and the balance of TWO MILLION NINE HUNDRED AND FIFTY THOUSAND DOLLARS ($2,950,000), payable to the Seller on the closing date.

4. **"As Is" condition**: The purchase price includes all improvements and fixtures presently on the Property in "As Is" condition, including but not limited to electrical, plumbing and air conditioning equipment, kitchen and laundry appliances, ceiling and wall lamps, water heater, doors and furniture. Sale does not include any art or the following personal items: (list to be completed by November 10th 2020)

5. **Exercise of Option, Term–Effective-Date.** The term for exercising the option shall be on or before thirty (30) calendar days from the date of signing this Agreement, which shall expire on _November, _23rd, 2020. Purchaser understand that "TIME IS OF THE ESSENCE" for Sellers proceeds will be used to fund another time sensitive project. This agreement is subject to the good faith belief of the title company and attorney that closing within the given time frame is reasonable. Both buyer and seller will make best and reasonable efforts to provide needed material and take reasonable action necessary to close in a timely manner. It being understood, however, that Purchaser may extend this term, at its sole discretion, for 30 additional calendar days if unexpected delays occur, by paying to seller directly $600,000 additional deposit money and the first $200,000 deposit money before the first 30 days expires, which Seller is going to use to make a land Purchase in Vermont. Both deposit monies totaling $800,000 will be applied to the purchase price. **Title, Property - Free of Liens.** Seller shall convey fee simple, recordable, marketable and insurable title to the Property free and clear of all liens, encumbrances and defects. The Property shall be conveyed free of all claims and debts including but not limited to the property taxes such as CRIM (Centro de Recaudaciones de Ingresos Municipales), Law 7 ("Ley de Contribución Especial"), HOA (Home Owners Association) regular or special assessments and any other debts that may exist. During the term of this Agreement the Property will not be sold or encumbered. **Deed of Sale.** In the event this option to purchase is exercised by Purchaser under the terms herein agreed upon, both parties hereby agree to execute the Deed of Sale of the Property before a notary

Seller _[signature]_        Purchaser _JG_   Purchaser _NK_

107

public chosen by Purchaser. Purchaser will select a notary public who charges a maximum of 0.5% of the purchase price in notary fees, the minimum required by law.

8. **Legal Fees, Stamps and Vouchers – Original of Deed of Sale; Certified Copies – Cancellation of Mortgages or other liens- Recordation expenses**. Seller will pay the above described 0.5% notary fees as well as the internal revenue stamps, notary stamps and all other associated expenses for the execution and issuance of the Original of the Deed of Sale. Purchaser will pay the internal revenue stamps, vouchers, notary stamps and all other associated expenses for the issuance of a Certified Copy of the Deed of Sale and for its filing at the Registry of the Property. In the event that any mortgages, liens and/or encumbrances appear upon the Property, Seller shall be solely responsible for their cancellation and will pay the customary 0.5% notary fees to the public notary chosen by Purchaser, as well as the internal revenue stamps, vouchers, notary stamps and all other associated expenses for the filing and recordation of such cancelations at the Registry of the Property.

9. **Property – Inspection.** This Agreement is subject to an inspection that there is no evidence of hazardous contaminant on the property conducted by a licensed professional duly certified by the Commonwealth of Puerto Rico if the buyer chooses to conduct such tests. A hazardous material shall mean any substance or material which has been determined by any Puerto Rico, federal or local authority to be capable of posing a risk of injury to health, safety or property. The inspection shall be conducted and the contingency concluded within 20 days of the execution of this Agreement. In the event that the inspection report reflects that hazardous material is present that would materially affect the value of the property, cannot reasonably be remedied within the option to buy period, and poses risk to health, safety or property, and the parties cannot reach an agreement with regards to the repair of such damages or defects, this Agreement may be terminated by Purchaser in which case the Deposit shall be promptly returned to Purchaser and, upon such return, neither party shall have any further obligation hereunder

10. **Possessions – Property**. Purchaser shall have the right to inspect the Property immediately prior to the execution of the Deed of Sale and Seller will deliver possession of the Property at closing.

11. **Lead Notification**. The parties acknowledge that if the Property has been built prior to 1978, the provisions of the Residential Lead Based Paint Hazard Reduction Act, 42 USC § 4852, shall apply to the purchase transaction. This law requires Seller and his agent or broker to disclose to Purchaser any knowledge they might have about the presence of lead-based paint on the Property and the dangers it presents. The law also gives Purchaser a period of twenty (20) days in which to inspect the Property for such purposes, and terminate this Agreement if there is proof of such contaminant. The law further requires that Seller provide Purchaser with a brochure prepared by the Federal Agency for Environmental Protection for that purpose. In accordance with the foregoing, Seller certifies that it is not aware of the existence of lead-based paint or hazard of lead-based paint in the Property covered by this Agreement. Purchaser agrees and acknowledges that if the Deed of Sale is executed within twenty (20) days from the date of this Agreement, he shall freely and voluntarily give up his right to inspect the Property for the purpose aforesaid. Purchaser further acknowledges that he has been given a pamphlet or brochure related to lead-based paint at the time of the execution of this Agreement.

12. **Property Taxes and Maintenance Fees**. Property taxes and HOA regular and special assessments corresponding to or due or imposed upon the Property up to the date of execution of the Deed of Sale shall be the responsibility of Seller, and from that date forward shall be the responsibility of Purchaser.

{AMG: 432212.DOCX v.2} Seller ___  Seller _HM_  Purchaser _JG_  Purchaser _NK_

/03

13. **Valid Signatures-Counterparts.** This Agreement may be executed in any number of counterparts, each of which, when so executed and delivered, shall be deemed to be an original and all of which counterparts, taken together, shall constitute but one and the same agreement. Any party to this Agreement may deliver an executed copy by facsimile transmission or electronic mail to another party and such delivery shall have the same force and effect as any delivery of a manually signed copy of this Agreement.

14. **Default by Purchaser. Remedies of Seller.** In the event Purchaser, after exercise of the Option granted herein, fails to proceed with the closing of the purchase of the Property pursuant to the terms and provisions contained herein, Seller shall be entitled to retain the Option Fee as liquidated damages and pursue any equitable remedies under law.

15. **Default by Seller. Remedies Purchaser.** In the event Seller, after exercise of the Option granted herein, fails to proceed with the closing of the sale of the Property pursuant to the terms and provisions contained herein, Purchase shall be entitled to receive back the Option Fee and pursue any equitable remedies under law.

16. **Entire Agreement.** This Agreement contains all of the terms, promises, covenants, conditions and representations made or entered into by or between Seller and Purchaser and supersedes all prior discussions and agreements whether written or oral between Seller and Purchaser with respect to the Option, and all other matters contained herein, and constitutes the sole and entire agreement between Seller and Purchaser with respect thereto. This Agreement may not be modified or amended unless such amendment is set forth in writing and executed by both Seller and Purchaser with the formalities hereof.

17. **Severability.** If a court of competent jurisdiction holds any provision of this Agreement to be invalid or unenforceable in whole or in part for any reason, the validity and enforceability of the remaining clauses shall not be affected.

18. **THIS OFFER WILL EXPIRE IF NOT EXECUTED BY SELLER BEFORE 11:59 PM ET October 23RD, 2020 and RETURNED TO BUYER SIGNED.**

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed and they initial all pages and sign in the places and on the dates below stated.

Seller:

By: _____        By: _____

{AMG: 432212.DOCX v.2} Seller __AEV__ Seller _____ Purchaser __JG__ Purchaser __NK__

109

Place: Montpelier, Vermont                    Place: _____

Date: _October 23rd, 2020_____            Date: _____

**Purchaser:**

By: _____[signature]_____            By: _____[signature]_____

Place: Puerto Rico                            Place: Puerto Rico

Date: October 23rd, 2020                      ____Date: October 23rd, 2020____

Exhibit A

{AMG: 432212.DOCX v.2} Seller ___  Seller _   [initials] Purchaser _JG_  Purchaser _NK_