# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TEAL PEAK CAPITAL, LLC;<br><br>Plaintiff,<br><br>v.<br><br>ALAN BRAM GOLDMAN;<br><br>Defendant. | Case No. 3:20-CV-01747 (PAD)<br><br>BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION REQUESTING ORDER OF PROHIBITION TO ALIENATE AND/OR OTHERWISE DISPOSE OF REAL PROPERTY

**TO THE HONORABLE COURT:**

COMES NOW defendant Alan Bram Goldman (hereinafter, "Mr. Goldman") through the undersigned attorney, and very respectfully states and prays as follows:

### I.  INTRODUCTION

While it is true that the purpose of provisional injunctive relief is to protect the effectiveness of any judicial decision that may be rendered, the Court must consider the interests of all parties involved, as justice and the particular circumstances of the case may require. As we will show, plaintiff's arguments set forth in its Motion Requesting Order of Prohibition to Alienate (hereinafter, the "Motion") do not demonstrate that there are any real reasons to believe that the defendant is carrying out acts aimed at transferring or encumbering property that might prevent the enforcement of a judgment adverse to him, if it comes to that. Moreover, the Option Agreement is void due to malice and insidious machinations ("dolo") at the hands of Plaintiff's assignor. All in all, the arguments set forth by the Plaintiff are mere conjectures which are not sufficient for the Motion to be granted and only seek to create an unnecessary inconvenience to the defendant.

### II.  RELEVANT FACTS AND PROCEDURAL HISTORY

1. On December 24, 2020, plaintiff Teal Peak Capital, LLC filed a complaint against Alan Bram Goldman alleging breach of an option agreement. *See* Docket No. 1.

2. On January 22, 2021, Teal Peak Capital, LLC filed a Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property. *See* Docket No. 4.

3. On January 22, 2021, this Court denied Plaintiff's motion for provisional remedies without prejudice. *See* Docket No. 5.

4. On February 5, 2021, The San Juan Daily Star published the summons issued by this Honorable Court, granting Alan Bram Goldman thirty (30) days to answer the

5. complaint. *See* Docket No. 6-8. As such, the Defendant's term to answer the complaint or otherwise plead would expire on March 8, 2021.

5. On March 3, 2021, the Defendant filed a Motion for Extension of Time to Answer the Complaint or Otherwise Plead. *See* Docket No. 12.

6. On March 4, 2021, this Honorable Court granted Defendant's Motion for Extension of Time. Defendant shall answer or otherwise plead by April 7, 2021. *See* Docket No. 13.

7. Before Alan Bram Goldman had a chance to present his answer to the Complaint, the Plaintiff filed a Renewed Motion Requesting order of Prohibition to Alienate and/or Otherwise Dispose of Real Property. *See* Docket No. 14.

8. The Plaintiff requests that this Honorable Court order the prohibition to alienate the property located at The Estates #13, Dorado, Puerto Rico 00646 (hereinafter, the "Property") due to the alleged possibility that the Defendant could "transfer, encumber or conceal the Property, or take any action concerning the Property and assets, that could render the satisfaction of a future judgment unavailable." *See* Docket No. 15, p. 7.

9. Mr. Goldman opposes said request inasmuch there is no risk of him transferring, encumbering or concealing the Property. In addition, the defenses raised in Mr. Goldman's Answer to the Complaint and Counterclaim are valid and there is no danger of evading a future judgment to be entered against Mr. Goldman, if any.

### III. APPLICABLE LAW

Rule 56 of the Puerto Rico Rules of Civil Procedure dictates that:

> In every action, before or after entering judgment, and on motion of claimant, the court may issue any provisional order it may deem necessary to secure satisfaction of the judgment. The court may order the attachment, garnishment, the prohibition to alienate, claim and delivery of personal property, receivership, an order to do or to desist from doing any specific act, or it may order any other measure it deems necessary, according to the circumstances of the case. In every case in which provisional remedy is sought, **the court shall consider the interests of all the parties and shall adjudicate as substantial justice may require**. (emphasis supplied)

32 L.P.R.A. Ap. V, R. 56.1. Furthermore, the Fourteenth Amendment of the Constitution of the United States of America guarantees that when the protected interests of liberty and property are implicated, "the right to some kind of prior hearing is paramount." Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 570 (1972); *See also* 32 L.P.R.A. Ap. V, R. 56.2 ("No provisional remedy shall be granted, modified, set aside, nor shall any action be taken thereon without notice upon the adverse party and a hearing, except as provided in Rules 56.4 and 56.5"). The court can issue a provisional remedy without a prior hearing if the claimant proves that: (1) it has a prior proprietary

interest in the object seized; (2) there is an extraordinary circumstance; or (3) is likely to prevail because has irrefutable proof that the debt is certain, liquid, due and payable." Nieves Díaz v. González Massas, 178 D.P.R. 820, 839 (2010). Likewise, before granting a provisional remedy, the party seeking the provisional remedy must present a bond to guarantee any damage or injury that this action could produce. *See* Rule 56.2 of Civil Procedure, *supra*. The party seeking the provisional remedy need not present a bond "[i]f it appears from public or private documents, as defined by law, signed before a person authorized to administer oaths, that the obligation may be legally enforced." Rule 56.3 of the Rules of Puerto Rico Civil Procedure.

### IV.    DISCUSSION

As the plaintiff pointed out, "[a] federal district court has the authority to issue orders providing for seizure of property **for the purpose of securing satisfaction of the Judgment** ultimately to be entered in the action." Cisco Systems Capital Corp. v. Global Hotel Management Inc., 712 F.Supp.2d 22, 23 (D.P.R. 2010) (emphasis supplied). The Supreme Court of Puerto Rico has ruled that provisional remedies are only allowed in *extraordinary* circumstances. *See* Rivera Rodríguez & Co. v. Lee Stowell, 133 D.P.R. 881, 894 (1993). Yet, plaintiff expects to be granted a provisional remedy to secure a future judgment without having to pay bond, without a prior hearing, and without the showing Mr. Goldman "could, at any given moment, transfer, encumber, or dispose of the property in a swift manner to avoid compliance." Docket No. 14, p. 5. Plaintiff's allegations are unfounded and speculative:

1. Mr. Goldman is currently in isolation in his home Montpelier, Vermont recovering from various medical conditions and protecting his health from the COVID-19 pandemic; Mr. Goldman received his first dose of the COVID-19 vaccine last week. Furthermore, Mr. Goldman has emphasized unequivocally that he will not sell or encumber his home. Thus, Mr. Goldman is at no disposition to transfer, encumber, or dispose of the Property to avoid compliance of any future judgment entered in this action. Mr. Goldman is currently in the process of consigning with the Court the deposit given to him, or the aggregate amount of $800,000.00.

2. Plaintiff alleges that Mr. Goldman "refused to cooperate and comply with his contractual obligations without any justifiably reason." Docket No. 14, p. 5. This is simply not true. Indeed, Mr. Goldman complied with his obligations and was working diligently with the Plaintiff's assignor, John Michael Grzan and Namrata Khimani ("Grzan and Khimani"), to close the sale of the Property. However, shortly before the closing of the Property was finished, Mr. Goldman became aware that he was cheated

3

by Grzan and Khimani who concealed, in bad faith and to gain an unfair advantage in the negotiations, that their legal representation was no other than Ferraiouli LLC. Ferraiouli LLC had previously represented Mr. Goldman in a litigation having to do with the Property and Grzan and Khimani were aware of this fact from the onset of the negotiations. To make matters worse, Ferraiouli LLC also represented another potential buyer of the Property at the same time Mr. Goldman was negotiating with Grzan and Khimani. Ferraiouli LLC's other client presented a substantially more lucrative offer, which was suddenly and mysteriously withdrawn by one of Ferraiouli LLC's attorneys with no explanation. These actions in bad faith paved the way for Grzan and Khimani, conferred to them an unfair advantage in the negotiations, and, ultimately, made a mess of the closing of the Property.

3. As shown in Mr. Goldman's Answer to the Complaint and Counterclaim, this Honorable Court will conclude that Mr. Goldman's alleged lack of cooperation was a result of bad faith and dolo by Grzan and Khimani. Grzan and Khimani's actions during the negotiations not only irrevocably sabotaged the closing of the Property, but also voided the Option Agreement between the Plaintiff's assignor and Mr. Goldman. *See* Mr. Goldman's Answer to Complaint and Counterclaim.

4. Based on the above, the Plaintiff does not have a valid property interest that would warrant disregarding Mr. Goldman's constitutional right to a hearing before this Court were to order a prohibition to alienate his Property.

5. In any case, Teal Peak Capital LLC must present a bond since they have not submitted any public or private document, <u>signed before a person authorized to administer oaths</u>, showing that the obligation is legally enforceable as required by Rule 56.3 of the Rules of Civil Procedure, *supra*.

## V. CONCLUSION

Considering the insufficiency of Teal Peak Capital LLC's arguments alleged in order to sustain the request for order of prohibition to alienate and the fact that Mr. Goldman is at no disposition to transfer, encumber, or dispose of the Property to avoid compliance of any future judgment entered in this action, Mr. Goldman requests said motion to be denied. In the alternative, Mr. Goldman requests that a hearing be scheduled to discuss the request for provisional remedies and the bond requirement.

**WHEREFORE**, it is hereby respectfully requested that this Honorable Court deny Teal Peak Capital LLC's "Renewed Motion Requesting order of Prohibition to Alienate and/or Otherwise Dispose of Real Property". In the alternative, Mr. Goldman requests that an argumentative hearing be scheduled.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 7th day of April 2021.

*Attorney for Alan Bram Goldman*
**McConnell Valdés LLC**
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Ave. Muñoz Rivera
Hato Rey, PR 0918
T: 787-250-5604

By: s/ Antonio A. Arias
Antonio A. Arias, Esq.
USDC-PR 204906
aaa@mcvpr.com

IT IS HEREBY CERTIFIED that on this date we filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice electronically to all counsel at their address of record.

| | |
|---|---|
| Date: April 7, 2021 | By: s/Antonio A. Arias |
| | Attorney |