UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TEAL PEAK CAPITAL, LLC; *Plaintiff/Counter-Defendant*, And JOHN MICHAEL GRZAN; NAMRATA KHIMANI *Counter-Defendant*; v. ALAN BRAM GOLDMAN; *Defendant/Counter-Plaintiff*. | Case No. 3:20-CV-01747 (PAD) BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |

# **DEFENDANT'S MOTION REQUESTING THE COURT TO STAY PROCEEDINGS PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISQUALIFY**

**TO THE HONORABLE COURT:**

COMES NOW defendant Alan Bram Goldman (hereinafter, "Mr. Goldman") through the undersigned attorney, and respectfully states and prays as follows:

**I. INTRODUCTION**

1. Currently pending before the Court are several motions. To wit, Plaintiff filed a Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property (Docket No. 14) and a Motion to Strike Exhibit 8 of Defendant's Counterclaim. On the other hand, Mr. Goldman filed a Response in Opposition to Plaintiff's Motion Requesting Order of Prohibition to Alienate and/or Otherwise Dispose of Real Property (Docket No. 19/22), and a Motion to Disqualify Counsel for Plaintiff and Memorandum of Law in Support Thereof (Docket No. 24).

2. Furthermore, this Court ordered parties to submit a Joint Proposed Schedule by April 19, 2021 (Docket No. 20).

3. Mr. Goldman respectfully requests from this Court to stay proceedings pending outcome of the Motion to Disqualify Counsel for Plaintiff and Memorandum of Law in Support Thereof.

## II. MOTION TO STAY STANDARD

4. According to the Supreme Court, United States District Courts have discretion to stay proceedings. See generally Landis v. North Am. Co., 299 U.S. 248 (1936). As such, a stay of proceedings is a decision within the sound discretion of the Court. See Aponte-Torres v. Univ. of P.R., 445 F.3d 50,59 (1st Cir. 2006).

5. This discretionary power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. Landis v. North Am. Co., 299 U.S. at 254.

6. In deciding to exercise its discretionary power to stay proceedings, the court should balance the interests of the parties and the Court. See Landis v. North Am. Co., 299 U.S. at 254-55; Bank of Am., N.A. v. WRT Realty, L.P., 769 F. Supp. 2d 36, 39 (D. Mass. 2011).

## III. ARGUMENT

7. In his Motion to Disqualify Counsel for Plaintiff and Memorandum of Law in Support Thereof, Mr. Goldman poses that the firm Ferraiuoli LLC should be disqualified from representing Teal Peak Capital LLC due to certain actions and omissions present during the negotiations that gave rise to the Complaint and due to the fact that Mr. Goldman is a former client of Ferraiuoli LLC in matters relating to the property, located in The Estates #13, Dorado, Puerto Rico 00646, subject of the present litigation.

8. Mr. Goldman's Motion to Disqualify presents a strong argument for the disqualification of Plaintiff's legal representation and is likely to prevail on its merits. Allowing the parties to continue proceedings, when there is a possibility that Plaintiff's legal representation will be disqualified, would result in the unnecessary expenditure of time and money by the parties. Likewise, it will hinder the Court's ability to economize and maximize its time and efforts seeing that Plaintiff would need to find new legal representation to advance its claims, which would inevitably delay the proceedings.

**WHEREFORE** Mr. Goldman very respectfully requests that the Court stay the proceedings in this case, pending outcome of his Motion to Disqualify Counsel for Plaintiff and Memorandum of Law in Support Thereof. This request is made in good faith and in the best interest of both parties and the Court, as it will avoid undergoing significant litigation costs and will economize this Court's time and efforts if it were to grant Mr. Goldman's Motion to Disqualify.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 16th day of April 2021.

*Attorney for Alan Bram Goldman*
**McConnell Valdés LLC**
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Ave. Muñoz Rivera
Hato Rey, PR 0918
T: 787-250-5604

By: s/ Antonio A. Arias-Larcada
Antonio A. Arias, Esq.
USDC-PR 204906
aaa@mcvpr.com

IT IS HEREBY CERTIFIED that on this date we filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice electronically to all counsel at their address of record.

| | |
|---|---|
| Date: April 16, 2021 | By: s/Antonio A. Arias-Larcada<br>Attorney |