# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TEAL PEAK CAPITAL, LLC;** <br><br> Plaintiff, <br><br> v. <br><br> **ALAN BRAM GOLDMAN**; <br><br> Defendants. | Civil No. 3:20-cv-1747 <br><br><br> Breach Of Contract; Specific Performance Of Contract; Reimbursement Of Funds, Costs And Expenses |

## Opposition to
### *Motion Requesting Judgment On The Pleadings and/or to Consider Well-Pled Factual Allegations as Admitted*

**To the Honorable Court:**

**Comes Now**, Teal Peak Capital, LLC ("TPC"), and through the undersigned attorney, respectfully states and prays:

### Introduction

1.   Before the pleadings have closed, and without a responsive pleading on record to evaluate whether a specific allegation was appropriately denied, on May 24, 2021, defendant Alan Bram Goldman ("Mr. Goldman") asked this Honorable Court to enter Judgment on the pleadings averred in his Amended Counterclaim or, in the alternative, to consider as admitted –without pointing to any—the "well-pled factual allegations". All because the Amended Counterclaim was filed on April 16, 2021 and TPC missed the single deadline of May 7, 2021 to respond.

2. Both requests fail as a matter of law. First, there are important pleadings that have yet to be filed, and requests for judgment on the pleadings may only be considered after the pleadings have closed. See, Fed. Rule of Civ. Pro. 12(c). Second, to deem an allegation admitted because the responding party neglected to deny it, a responsive pleading must have been filed first, and in that filed response, the party must have failed to deny the specific allegation in question. *See*, Fed. R. Civ. P. 12(c). In sum, neither of the Rules on which Mr. Goldman moors his requests can provide a default judgment type remedy at this stage of the proceedings, which is really what he seeks. *See*, Fed. R. Civ. P. 8(b)(6). Wherefore, TPC asks that Mr. Goldman's request for judgment on the pleadings, or to consider the well-pled factual allegations as admitted, be denied.

## I. Pertinent Procedural Background

3. On December 24, 2020, TPC filed the complaint of caption alleging that on October 23, 2020, John-Michael Grzan ("Mr. Grzan"), together with his wife, Namrata Khimani ("Mrs. Khimani") (collectively referred to as "Grzan-Khimani") and Mr. Goldman executed an Option to Purchase Agreement ("Agreement"), whereby Mr. Goldman granted to Grzan-Khimani an exclusive option to purchase his property at The Dorado Beach Estates (the "Property"). TPC also alleged that Grzan-Khimani had subsequently designated TPC as their assignee and that when TPC tried to close on the Property, Mr. Goldman refused to do so, breaching the Agreement. TPC asked for specific performance, and, in the alternative, damages. (Dkt. No. 1)

4. After being served by publication, Mr. Goldman appeared on March 3, 2021, and asked the Court to allow him an extension of 30 days to answer or otherwise plead. (Dkt. No. 12) The deadline set by Mr. Goldman, however, was April 7, 2021, which in truth amounted to an extension of 35 days.

5. On April 7, 2021, Mr. Goldman Answered the Complaint and included a Counterclaim against TPC. (Dkt. No. 18) In the Counterclaim, Mr. Goldman alleged that Grzan-Khimani and TPC had violated the covenant of good faith and deceived him through insidious machinations during the process of negotiating the Agreement. Specifically, by failing to reveal at the early stages of the negotiations that Ferraiuoli, LLC, a Law Firm in Puerto Rico who years prior represented Mr. Goldman in an unrelated matter, was TPC's legal representation throughout the negotiations. Also, that a Complaint that Mr. Goldman's real estate broker had filed against him –that encumbered the Property and TPC agreed to resolve— had not been withdrawn. Based on those allegations, Mr. Goldman asked the Court to void and nullify the Agreement. He also asked for $3,000,000 in damages.

6. On April 16, 2021, before the term for TPC to answer the Counterclaim expired, Mr. Goldman amended his Answer to the Complaint and Counterclaim, primarily to join Mr. Grzan and Mrs. Khimani in their personal capacities. (Dkt. No. 26) He also moved to pierce the corporate veil of TPC. Summons for Grzan-Khimani were submitted and issued on April 19, 2021.

7. On April 22, 2021, after considering the parties' Joint Proposed Schedule filed on April 19, the Court issued a Case Management Order in which the deadline for

Initial Disclosures was set for May 6, and, of relevance, the deadline to amend the pleadings, May 17, 2021. (Dkt. No. 38)

8. On May 17, TPC asked this Court to extend the deadline to amend the pleadings until May 28, 2021. (Dkt. No. 45) The Court granted the request on the same day, effectively extending the allegations period. (Dkt. No. 46)

9. When the Amended Counterclaim was filed, the only counter-defendant under the court's jurisdiction was TPC. Consequently, its responsive pleading was due on May 7, 2021. TPC missed that single deadline under the impression that Mr. Goldman would wait for an answer once Grzan-Khimani were served with summons. That was not the case, and on May 24, 2021, before pleadings had closed, Mr. Goldman asked this Court to render a Judgment on the Pleadings based on the well-pled factual allegations within his Counterclaim, and, in the alternative, to deem all the well-pled factual allegations as admitted pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 47).

10. Then, on May 28, 2021, TPC filed an Amended Complaint. (Dkt. No. 50)

## II.  Discussion

**Judgment on the Pleadings**

11. Rule 12(c) of the Federal Rules of Civil Procedure allows parties to move for Judgment based exclusively on the pleadings. The court, however, can only do so "[a]fter the pleadings have closed". *Gulf Coast Bank & Trust v. Reder*, 355 F.3d 35, 37-38 (1st Cir. 2004) ("That rule permits a party to move for judgment on the pleadings at any time "<u>after the pleadings are closed</u>,"...) (Our emphasis). The rule states:

4

> After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

Fed. R. Civ. P. 12(c).

12. In determining whether a party is entitled to judgment on the pleadings, the court must first, of course, see whether the pleadings have closed. *Gulf Coast Bank & Trust*, 355 F.3d at 37-38. Then, it must apply the same standard of review as in a Rule 12(b)(6) motion to dismiss when the moving party alleges that the plaintiff failed to state a claim upon which relief can be granted. That is, "the trial court must accept all of the nonmovant's well-pleaded factual averments as true, [citations omitted] and draw all reasonable inferences in his favor." *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988). Further, the court may not grant a request for judgment on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* As the *Rivera-Gómez* court explained, this is so "because rendition of judgment in such an abrupt fashion represents an extremely early assessment of the merits of the case..." *Id.*

13. There is however a slight difference between Rule 12(b)(6) and 12(c) standard. "A Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole. *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 54-55 (1st Cir. 2006). The court must compare <u>all</u> the pleadings. *Stanton v. Larsh*, 239 F.2d 104, 106 (1st Cir. 1956) ("a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings"). So, "[i]f a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on

5

the pleadings must be denied." *Pérez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

**Rule 8(b)(6) of Civil Procedure**

14. Rule 8(b)(6) of the Fed. R. of Civ. P. reads as follows:

(6) Effect of Failing to Deny. An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

15. This rule, however, only applies when the nonmoving party has filed a responsive pleading and, in that pleading, neglected to deny a specific allegation. Of the cases we researched, all the courts who entertained a petition under Rule 8(b)(6) did so in the context of a filed responsive pleading, and by determining whether an allegation had been properly denied. See, *Federal Deposit Ins. Corp. v. Caporale*, 931 F.2d 1, 2 (1st Cir. 1991) ("The Caporales, however, failed to deny the FDIC's assertions of individual liability in their answer to the complaint.") (Our emphasis); *Meschino v. North American Drager, Inc.*, 841 F.2d 429, 435 (1st Cir. 1988) (holding that averments in a complaint which are not denied in the answer are deemed admitted); *Mahanor v. United States*, 192 F.2d 873, 876 (1st Cir. 1951) ("Defendant Della did not couch her answer in this form...Therefore, her answer must be taken to have admitted the allegation of the complaint...") (Our emphasis) We found none where Rule 8(b)(6) served to obtain a remedy analogous to a default judgment when a party misses a single deadline to respond to a Counterclaim.

**A.     The Request for Judgment on the Pleadings Fails as a Matter of Law.**

16.     Mr. Goldman's petition for the Court to enter judgment on the pleadings against TPC fails for two reasons.  First, it was filed before the pleadings have closed.  Second, and in the alternative, if this Court takes TPC's well-pleaded factual averments in the Amended Complaint as true –as is required to do, compares them with those in Mr. Goldman's Amended Counterclaim, and draws all reasonable inferences in TPC's favor, it will without a doubt find that TPC can prove multiple sets of facts in support of its claims which would entitle it to relief.

17.     Mr. Goldman moved for judgment on the pleadings on May 24, 2021.  The Court, however, had set May 28, 2021 as the deadline for the parties to amend the pleadings, and on that date, TPC filed an Amended Complaint.  So, the filing was at best premature.  Furthermore, as of today, Mr. Goldman has not answered TPC's Amended Complaint.  And there are two additional parties in the Counterclaim –Mr. Grzan and Mrs. Khimani—who have yet to be served with summons and provided with the opportunity to file their respective responsive pleadings.  What these two parties have to say, particularly Mr. Grzan, is fundamental to the action at bar, for it was Mr. Grzan who negotiated with Mr. Goldman the Option to Purchase Agreement.  In sum, the request for judgment on the pleadings is, at best, premature, for the pleading stage has not closed.

18.     Regardless, if this Court examines the well-pleaded factual averments in the Amended Complaint and takes them as true, drawing all reasonable inferences in TPC's favor, and then compares them with those in Mr. Goldman's Amended

7

Counterclaim, it will without a doubt find that TPC can prove multiple sets of facts in support of its claims which would entitle it to relief. The Court will also find that Mr. Goldman's averments are directly contradicted by TPC's allegations, thus, a material dispute of fact. Particularly those on whether the Firm of Ferraiuoli, LLC represented or advised Mr. Grzan during the negotiations preceding to the signing of the Option to Purchase Agreement on October 23, 2020, which is the basis for Mr. Goldman's request to nullify the Agreement. The same will happen with the averment in the sense that TPC failed to solve a lawsuit that Mr. Goldman's real estate broker filed against him and that it was encumbering the property. The Court will see that solving that lawsuit was not one of TPC's obligations under the Agreement and that, in the alternative, resolving that suit was contingent upon closing, which did not happen because Mr. Goldman refused to do so.

19. In conclusion, the request for judgment on the pleadings is premature because as of today the pleadings have closed and, in any event, it lacks merit when evaluating all the pleadings so far filed.

**B. The Request to Consider as Admitted the Well-Pled Factual Allegations in the Counterclaim Also fails as a Matter of Law.**

20. This request has two fundamental flaws. First, Mr. Goldman points to no allegation in his Counterclaim he understands should be considered as admitted. Second, when Mr. Goldman moved under Rule 8(b)(6), TPC had not filed an answer the Court could examine to determine whether an allegation had been properly denied.

21. As stated before, Rule 8(b)(6) operates when a responsive pleading has been filed and, upon request, the court proceeds to examine a specific allegation –

pointed by the moving party—to see if it was properly denied.  In this case, at least when the request was filed, TPC had not filed its responsive pleading and therefore the Court had no allegation to examine. Now, although TPC filed its responsive pleading, Mr. Goldman has not directed the Court to a single allegation it understands TPC failed to deny.  Consequently, with regards to the request in the alternative under Rule 8(b)(6), there is nothing for the Court to do but to deny it.

**Wherefore**, TPC respectfully requests from this Honorable Court to deny Mr. Goldman's Motion for Judgment on the Pleadings or to consider as admitted the purported "well-pled factual allegations".

**Respectfully Submitted.**

In San Juan, Puerto Rico, this 10th day of June, 2021.

**I hereby certify** that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to the attorneys of record.

**Sánchez-Betances, Sifre & Muñoz-Noya, LLC**
33 Calle Bolivia, Suite 500
San Juan, PR 00917
t. 787-756-7880
f. 787-753-6580

s/*Adrián Sánchez-Pagán*
**Adrián Sánchez-Pagán**
USDPR NO. 223311
asanchez@sbsmnlaw.com

9