# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TEAL PEAK CAPITAL, LLC** | CIVIL NO. 20-1747 (PAD) |
| PLAINTIFF | |
| and | |
| **GERALD KLEIS-PASARELL** | BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |
| PROPOSED CO-PLAINTIFF-INTERVENOR | |
| VS. | |
| **ALAN BRAM GOLDMAN** | |
| DEFENDANTS | |

## MOTION TO INTERVENE

**TO THE HONORABLE COURT:**

      **COMES NOW, Gerald Kleis Pasarell ("Intervenor" and/or "Kleis")**, through the undersigned attorney and very respectfully states, alleges and prays as follows:

### INTRODUCTION

      Kleis seeks to participate as intervening co-plaintiff in the case at bar due to breach of contract incurred by Alan Bram Goldman ("Defendant" and/or "Goldman"). Kleis was the realtor that assisted both the Defendant and John-Michael Grzan ("Grzan"), his wife, Namrata Khimani ("Khimani") (jointly "Grzan-Khimani") with the negotiation and execution of the exclusive option to purchase certain property ("Option Agreement") located at The Estates #13, Dorado, PR 00646 ("Property"). As part of the negotiation and execution of the Option Agreement, Kleis was entitled to receive a realtor fee of either 1% or 4% of the purchase price of the Property. Therefore, Kleis is entitled to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24

(a) (2).

## FACTUAL AND PROCEDURAL BACKGROUND

Kleis was hired by Defendant as his realtor in order to assist in the sale of the Defendant's

Property. The Defendant's Property has a registry description as follows:

> "RUSTIC: Lot located in the North Side Development, Phase One
> of Dorado Beach Estates, Inc. Ward Higuillar of the Municipality of
> Dorado, Puerto Rico, which is described in the inscription plan of
> said North Side Development, Phase One with number, area and
> boundaries that are hereinafter related: Lot number Thirteen (13)
> with an area of Five Thousand Three Hundred Ninety Nine square
> meters and Four Thousand Seven Hundred Thirty One Ten-
> Thousands of a Square Meter (5,399.4731); bounding on the South,
> with an interior Street of the North Side of the Development, Phase
> One Dorado Beach Estates, Inc. on the North, with lots number
> Seventeen (17) and Eighteen (18) of the said North Side
> Development, Phase One, on the East, with Lot number Twelve (12)
> of the said North Side Development, Phase One; and on the West,
> with lot number Fourteen (14) of the said North Side Development,
> Phase One."
> The Property is recorded in the Registry at page 123 of volume 46
> of Dorado, property number 1,746.

The agreement entered between Kleis and Defendant for the sale of the Property specified

that Kleis would receive a percentage of the purchase price. The first alternative was that Kleis

would receive a 4% realtor commission fee if Kleis found a potential buyer to purchase the

Defendant's property. The second alternative was that Kleis would receive a 1% realtor

commission fee if the Defendant found the potential buyer and Kleis assisted the Defendant in

showing the Property as part of the negotiation and eventual execution of the sale of the Property.

The Defendant called Kleiss to indicate to him that he found a potential buyer and he

requested Kleis to assist the Defendant in showing the Property as part of the negotiation and

eventual execution of the sale of the Property.

Kleis met Grzan-Khimani as instructed by the Defendant. Kleis actively participated in the process of the negotiation of the sale of the Property. Kleis succeeded to provide all the necessary information to Grzan-Khimani that justifiably motivated Grzan-Khimani to agree to purchase Defendant's Property.

During this process of the negotiation of the sale of the Property, the Defendant actively consulted with Kleis so that the Defendant and Grzan-Khimani would reach the eventual agreement to purchase the Property for the sum amount of three million one hundred fifty thousand dollars ($3,150,000.00).

Thanks to the good faith effort of Kleis, the Defendant and Grzan-Khimani executed the Option Agreement for the Property, where the parties reflected that Grzan-Khimani would purchase the Property from the Defendant for the sum amount of three million one hundred fifty thousand dollars ($3,150,000.00).

Kleis has knowledge that Grzan-Khimani paid the Defendant approximately eight hundred thousand dollars ($800,000.00) in compliance with the Option Agreement and in good faith effort to purchase Defendant's property.

Unfortunately, after the Defendant and Grzan-Khimani executed the Option Agreement and Grzan-Khimani complied with their payments to exercise the sale of the Property, Kleis was informed by the Defendant that the Defendant in bad faith would breach his obligation to both Kleis and Grzan-Khimani. Specifically, after the Defendant had received eight hundred thousand dollars ($800,000.00) from Grzan-Khimani, Defendant did not want to comply with his obligation to furnish the relevant documents to finalize the execution of the sale of the Property. Additionally, the Defendant did not want to comply with his obligation to pay Kleis his realtor commission fee for assisting in the negotiation of the sale of the Property.

Kleis made good faith extrajudicial efforts to demand that Defendant comply with his obligations as to the Option Agreement with Grzan-Khimani in order to 1) execute the sale of the Property, and 2) receive his realtor commission fee.

Because the Defendant in bad faith breached his obligation to Grzan-Khimani and Kleis, Kleis seeks to intervene in the case at bar as a matter of right.

## LEGAL ARGUMENT

### A.  THIS HONORABLE COURT SHOULD GRANT THE MOTION TO INTERVENE

This Honorable Court should grant Kleis' motion to intervene as co-plaintiff as a matter of right because Kleis timely filed his motion to intervene, his interest is closely related to the property and transaction that is the basis of the pending action, he protects his interest from a realistic threat in the disposition of this action, and there is no adequate representation of his position in this action by any party.

To succeed on a motion to intervene as of right, a putative intervenor must establish (i) the timeliness of its motion to intervene; (ii) the existence of an interest relating to the property or transaction that forms the basis of the pending action; (iii) a realistic threat that the disposition of the action will impede its ability to protect that interest; and (iv) the lack of adequate representation of its position by any existing party. See *Negron-Almeda v. Santiago*, 528 F.3d 15, 22 (1st Cir. 2008); *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc*., 440 F.3d 541, 544-45 (1st Cir. 2006); see also Fed. R. Civ. P. 24(a). The movant must fulfill each of these preconditions. "The failure to satisfy any one of them dooms intervention." *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1999).

When intervention is at issue, timeliness is the "prevenient question." *Banco Popular v. Greenblatt*, 964 F.2d 1227, 1230 (1st Cir. 1992) (explaining that "timeliness stands as a sentinel at

the gates whenever intervention is requested and opposed"). The timeliness inquiry is inherently fact-sensitive and depends on the totality of the circumstances. *Id*. at 1230-31. In evaluating that mosaic, the status of the litigation at the time of the request for intervention is "highly relevant." *Id*. at 1231. As a case progresses toward its ultimate conclusion, the scrutiny attached to a request for intervention necessarily intensifies. *Id*.

As a general matter, the case law reflects four factors that inform the timeliness inquiry: (i) the length of time that the putative intervenor knew or reasonably should have known that his interests were at risk before he moved to intervene; (ii) the prejudice to existing parties should intervention be allowed; (iii) the prejudice to the putative intervenor should intervention be denied; and (iv) any special circumstances militating for or against intervention. Id. Each of these factors must be appraised in light of the posture of the case at the time the motion is made. *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 65 (1st Cir. 2008). Under this approach, motions to intervene that will have the effect of reopening settled cases are regarded with particular skepticism because such motions tend to prejudice the rights of the settling parties. See, e.g., *In re Lease Oil Antitrust Litig*., 570 F.3d 244, 250 (5th Cir. 2009); *Heartwood, Inc. v. U.S. Forest Serv*., 316 F.3d 694, 700-01 (7th Cir. 2003); *Greenblatt*, 964 F.2d at 1231.

In the case of reference, Grzan-Khimani, through their Limited Liability Company, Teal Peak Capital, LLC ("Plaintiff") filed their respective Complaint on December 24th, 2020. (See Docket 1). The Defendant filed his Answer to the Complaint on April 7th, 2021 (See Docket 18). Both the Plaintiff and the Defendant are just starting the litigation and they are just commencing the discovery in the case at bar.

Kleis is timely filing this motion to intervene in the case at bar at this early stage of the litigation. Neither the Plaintiff or the Defendant have yet made any extensive discovery, Additionally, the case at bar is not at a late stage of conclusion or settlement.

Kleis' interest is intricately related to the Property and the transaction of the sale of the Property, which forms the basis of this pending action. Kleis' interest is the realtor commission fee for having assisted in the negotiation of the sale of the Property between the Plaintiff and the Defendant. Said sale of the Property was negotiated and executed between the Plaintiff and the Defendants thanks to the active participation of Kleis, whom has a right to recover his realtor commission fee for this transaction, regardless if the Defendant is acting in bad faith and maliciously in not wanting to comply with his obligation under the Option Agreement.

Kleis' ability to protect his interest by filing this motion to intervene is proper, because it realistically protects his interest from the threat of disposition in this action. If this Honorable Court determines that the Defendant breached his obligations and the Defendant must comply with his obligations, then the Defendant must comply with his obligation to pay the realtor commission fee to Kleis which is entirely based on the sale of the Property which is the main controversy of the case at bar.

Finally, Kleis' motion to intervene is proper because there is a lack of adequate representation of Kleis by either the Plaintiff or the Defendant. The Plaintiff is seeking remedies against the Defendant to protect its own interest under the Option Agreement in that the Defendant should comply with the Specific Performance to sell and deliver the Property. Whereas the Defendant is in bad faith defending his rights to not sell the Property in complete breach of the agreements reached with all Parties, ignoring his obligation to Kleis.

**CONCLUSION**

Kleis seeks to participate as intervening co-plaintiff in the case at bar due to breach of contract incurred by Alan Bram Goldman ("Defendant" and/or "Goldman"). Kleis was the realtor that assisted both the Defendant and John-Michael Grzan ("Grzan"), his wife, Namrata Khimani ("Khimani") (jointly "Grzan-Khimani") with the negotiation and execution of the exclusive option to purchase certain property ("Option Agreement") located at The Estates #13, Dorado, PR 00646 ("Property"). As part of the negotiation and execution of the Option Agreement, Kleis was entitled to receive a realtor fee of either 1% or 4% of the purchase price of the Property. Therefore, Kleis is entitled to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24 (a) (2).

**WHEREFORE**, it is respectfully requested from this Honorable Court to 1) **GRANT** Kleis' Motion to Intervene, and 2) **ISSUE** any other Order it deems just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 11th day of June, 2021.

_**S/VICTOR M. RIVERA-RIOS**_
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com