**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| TEAL PEAK CAPITAL, LLC; *Plaintiff and Counter Defendant*, And JOHN MICHAEL GRZAN AND NAMRATA KHIMANI *Counter Defendant*, v. ALAN BRAM GOLDMAN; *Defendant and Counter Claimant*. | Case No. 3:20-CV-01747 (PAD) BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |

## ALAN BRAM GOLDMAN'S OPPOSITION TO GERALD KLEIS PASARELL'S MOTION TO INTERVENE

**TO THE HONORABLE COURT:**

COMES NOW defendant Alan Bram Goldman (hereinafter, "Mr. Goldman") through the undersigned attorney, which very respectfully states and prays:

**I.  INTRODUCTION**

1. On June 11, 2021, Gerald Kleis-Pasarell (hereinafter the "Intervenor" or "Mr. Kleis"), submitted a *Motion to Intervene* (hereinafter, the "Motion") in this complaint under Rule of Civil Procedure 24(a)(2). See Docket No. 60, p. 1-2. Through the Order issued on June 11, 2021, this Honorable Court ordered parties to respond to the request for intervention not later than June 25, 2021. See Docket No. 62.

2. Important to note, Mr. Goldman emphatically denies the factual allegations brought forth by the Intervenor. Many of the allegations contained in the Motion are self-serving and not backed by any evidence whatsoever. Further, the issues brought forth in the Motion are currently being litigated in local court. Nevertheless, in compliance with the Court's Order, Mr. Goldman hereby submits its opposition to the *Motion*, as it is improper under law.

## II. APPLICABLE LAW

3. Intervention is a procedural vehicle by which a third party who is not a party to the lawsuit is allowed to appear before the court and present a claim or defense in a pending legal action, in order to become a party for the purposes of the claim or defense raised. See Fed. R. Civ. P. 24.

4. Rule 24(a) dictates that this Court must permit the intervention of any party who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is subject of the action, and is so situated that disposing of the action may be as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

5. Because the Intervenor is seeking intervention under Rule 24(a)(2), he must demonstrate four things: "(1) it timely moved to intervene; (2) it has an interest relating to the property or transaction that forms the basis of the ongoing suit; (3) the disposition of the action threatens to create a practical impediment to its ability to protects its interest; and (4) no existing party adequately represents its interests." B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541, 544-45 (1st Cir. 2006). "The failure to satisfy [all four

conditions] dooms intervention." B. Fernandez & Hnos., Inc. 440 F.3d at 545 (*quoting* Pub. Serv. Co. of N.H. v. Patch, 136 F.3d 197, 204 (1st Cir. 1998)). In turn, Courts have decreed that an intervenor has a sufficient interest to intervene "where the contractual rights of the applicant may be affected by a proposed remedy." Harris v. Pernsley, 820 F.2d 592, 601 (3rd Cir. 1987). However, the interest must be affected in more than an incidental matter and the intervenor "must demonstrate that there is a tangible threat to a legally cognizable interest to have the right to intervene." Harris, 820 F.2d at 601 (*citing* United States v. Perry County Board of Education, 567 F.2d 277, 279 (5th Cir.1978) ("intervention still requires a direct, substantial, legally protectable interest in the proceedings").

### III. ARGUMENT

6. The Intervenor has failed to establish that he has a right to intervene in this lawsuit because: (A) there is no tangible threat to a legally cognizable interest to have the right to intervene; and (B) the disposition of the present action does not threaten a practical impediment to his ability to protect his alleged interest.

   **A. There is no tangible threat to a legally cognizable interest to have the right to intervene.**

7. Foremost, Mr. Kleis did not present any evidence whatsoever as to the conditions, much less of the existence, of the alleged agreement between Mr. Goldman and himself. Nevertheless, and without accepting the self-serving factual allegations contained in the Motion, Mr. Goldman will show that Mr. Kleis alleged interest is dubious at best, and inexistent at worst.

8. In essence, Mr. Kleis argues that he has a right to intervene in the present complaint because he has an interest relating to the property or transaction that forms the

3

basis of the pending action. Specifically, Mr. Kleis sustains that Mr. Goldman entered into an agreement with Mr. Kleis through which he would receive a commission for the sale of the property located in The Estates #13, Dorado, Puerto Rico 00646 (hereinafter, the "Property"). See the Motion, p. 2. Allegedly, Mr. Kleis' agreement with Mr. Goldman allegedly consisted of two alternatives:

> The first alternative was that Kleis would receive a 4% realtor commission fee if Kleis found a potential buyer to purchase the Defendant's property. The second alternative was that Kleis would receive a 1% realtor commission fee if the Defendant found the potential buyer and Kleis assisted the Defendant in showing the Property as part of the negotiation and eventual execution of the sale of the Property.

The Motion, p. 2. As Mr. Kleis argues, it was Mr. Goldman who found the potential buyer. Therefore, Mr. Kleis' alleged interest to intervene is a *contingent* 1% realtor commission fee for the showing and execution of the sale of the Property.

9. Simply put, even if we were to accept the existence of an agreement between Mr. Kleis and Mr. Goldman for the purposes of our opposition to the Motion, Mr. Kleis' right to a commission fee emerges if (and only if) the parties execute the sale of the Property. Thus, Mr. Kleis' alleged interest is not a direct, substantial, nor legally cognizable interest because it is contingent on the execution of the sale Property. See Travelers Indem. Co. Dingwell, 884 F.2d 629, 638 (1st Cir. 1989) ("The interest must be direct, not contingent"). This fact alone bars Mr. Kleis from intervening in the present complaint.

**B. The disposition of the present action does not threaten a practical impediment to his ability to protect his alleged interest.**

10. Regardless, the Intervenor faces another insurmountable fact, his interest has nothing to do with the controversy before this Court as it pertains to the subject-matter.

11. Without going into specifics, the controversy in this suit is whether Plaintiff Teal Peak Capital, LLC has a right to the specific performance of the Option to Purchase Agreement which would entail the execution of the sale of the Property. Mr. Kleis, on the other hand, seeks the specific performance of an alleged commission agreement irrespective of the execution and sale of the Property.

12. In other words, if this Court rules in favor of Plaintiff Teal Peak Capital, LLC and orders the execution of the sale of the Property, then (and only then) Mr. Kleis' alleged interest would become legally cognizable and he would be able to capture his commission fee (assuming that Mr. Kleis could prove that he has a right to a commission fee). If this Court rules in favor of Mr. Goldman and refuses to enforce the execution and sale of the Property, nothing would bar Mr. Kleis from filling the corresponding lawsuit to vindicate his alleged rights (again, assuming that Mr. Kleis could prove that he has a right to a commission fee).

13. Indeed, on November 5, 2020, Mr. Kleis filed a lawsuit alleging he has a right to a commission fee of $31,500.00, before the execution of the sale of the Property and more than a month before the filing of the present complaint.[1] Actually, Mr. Kleis' local court lawsuit is still not final due to Mr. Kleis' appeal of the local court's decision to dismiss his complaint. The foregoing highlights that there is no practical impediment to

---

[1] *Gerald Kleis Pasarell v. Alan Bram Goldman*, Civil Case No. BY2020CV03482; *Gerald Kleis Pasarell v. Alan Bram Goldman*, KLAN202100437.

his ability to protect his alleged interest. If anything, there is a risk of having contradicting decisions from parallel proceedings.

## IV. CONCLUSION

14. The Intervenor's alleged interest is a contingent 1% realtor commission fee for the showing and execution of the sale of the Property. Therefore, the Intervenor cannot show that "there is a tangible threat to a legally cognizable interest to have the right to intervene." Harris, 820 F.2d at 601 (*citing* United States v. Perry County Board of Education, 567 F.2d 277, 279 (5th Cir.1978) ("intervention still requires a direct, substantial, legally protectable interest in the proceedings"); See also Travelers Indem. Co. Dingwell, 884 at 638 ("The interest must be direct, not contingent"). Dismissal of the *Motion to Intervene* is warranted due to the failure to meet this condition alone, "[t]he failure to satisfy [all four conditions] dooms intervention." B. Fernandez & Hnos., Inc. 440 F.3d at 545.

15. Regardless, the Intervenor failed to meet a second condition: that the disposition of the present action threatens a practical impediment to his ability to protect his alleged interest. As a matter of fact, Mr. Kleis filed a lawsuit in the local court requesting a commission fee of $31,500.00 before the Property's sale was executed and before the filing of the present complaint. The disposition of this case did not matter then, and it should not matter now. Moreover, the local case is still being vehemently litigated.

16. Allowing the intervention to proceed would undoubtedly cause an undue delay in the proceedings, could harm the recovery for the original parties, and could result in contradicting decisions from parallel proceedings. This case centers on the validity and execution of the Option to Purchase Agreement between Mr. Goldman, John Michael

Grzan, and Namrata Khimani. The Intervenor attempts to introduce controversies into this lawsuit over his own alleged agreement with Mr. Goldman.

17. In light of the foregoing, this Honorable Court should deny Mr. Kleis' intervention.

**WHEREFORE**, Alan Bram Goldman respectfully requests from this Honorable Court to (a) take notice of the above and acknowledge Alan Bram Goldman's compliance with its June 11, 2021 Order (Docket No. 62); and (b) **DENY** Gerald Kleis Pasarell's *Motion to Intervene* (Docket No. 60).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of June 2021.

*Attorney for Alan Bram Goldman*
**McConnell Valdés LLC**
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Ave. Muñoz Rivera
Hato Rey, PR 0918
T: 787-250-5604

By: s/ Antonio A. Arias-Larcada
Antonio A. Arias-Larcada, Esq.
USDC-PR 204906
aaa@mcvpr.com

IT IS HEREBY CERTIFIED that on this date we filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice electronically to all counsel at their address of record.

Date: June 25, 2021.   By: s/Antonio A. Arias-Larcada
                           Attorney