IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TEAL PEAK CAPITAL, LLC;**<br><br>*Plaintiff and Counter Defendant,*<br><br>AND<br><br>JOHN MICHEAL GRZAN AND NAMRATA KHIMANI<br><br>Counter Defendant,<br><br>V.<br><br>**ALAN BRAM GOLDMAN;**<br><br>*Defendant and Counter Claimant.* | Civil No. 3:20-cv-01747 (PAD)<br><br>BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |

### ALAN BRAM GOLDMAN'S MOTION TO STAY DISCOVERY

**TO THE HONORABLE COURT:**

COMES NOW defendant Alan Bram Goldman (hereinafter, "Mr. Goldman") through the undersigned attorney, and respectfully states and prays the following:

**I.      INTRODUCTION**

1. Mr. Goldman respectfully requests a stay of all parties' discovery obligations until this Court rules on Mr. Goldman's Motion to Dismiss (hereinafter, the "*Motion*"). See Docket No. 63. Given the possibility that Teal Peak Capital LLC's (hereinafter, "TPC") causes of actions are inapplicable as a matter of law, it would be imprudent to engage in a potentially needless and costly discovery.

1

## II.     MOTION TO STAY STANDARD

1. According to the Supreme Court, United States District Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (*citing* Landis v. North Am. Co., 299 U.S. 248 (1936)). This discretionary power to control its own docket is seen through the lens of preserving the "economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254-55.

2. Courts, in the exercise of their discretionary power, tend to defer or stay discovery while a motion to dismiss is pending. See Jimenez v. Nielsen, 326 F.R.D. 357, 361 (D. Mass. 2011); Guttenberg v. Emery, 26 F.Supp.3d 88, 97 (D.D.C 2014). Given the potential outcome of dismissal, Courts can utilize this discretion to avoid the unwanted, yet frequent, exploitation of flexible pretrial discovery rules. See Herbert v. Lando, 441 U.S. 153, 179 (1979) (Justice Powell *concurring*).

3. In deciding to exercise its discretionary power to stay proceedings, the court should balance the interests of the parties and the Court. See Landis, 299 U.S. at 254-55.

## III.     ARGUMENT

1. The potentially excessive cost of time, effort, and money to this Court and the parties involved should, respectfully, move the Court to stay discovery proceedings pending the resolution of the *Motion*. TPC's causes of action could, in all probability, be dismissed at least in part, if not whole.

2. Mr. Goldman's *Motion* relies on Clause 15 of the Option to Purchase Agreement, which unequivocally limits the remedies TPC would have in the case of Mr. Goldman's

default. Namely, TPC's causes of action are not supported by the applicable law between the parties, the Option to Purchase Agreement. See S.L.G. Irizarry v. S.L.G. García, 155 D.P.R. 713, 725, 2001 WL 1555664, __ P.R. Offic. Trans. __ (2001). Peculiarly, the Option to Purchase Agreement does not consider Specific Performance, Damages for Loss of Rent, nor Damages representing potential proceeds TPC would have earned if it sold the property, as valid remedies in the event that Mr. Goldman defaults. See Docket No. 50, Exhibit 1, Clause 15. Therefore, because "the terms of the contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." S.L.G. Irizarry, 155 D.P.R. at 725 (*quoting* 31 L.P.R.A. § 3471).

3. Furthermore, if this Court were to stay discovery, it would not cause any harm to TPC as it has yet to notify any request for discovery.

4. In light of the foregoing, if this Honorable Court were to grant Mr. Goldman's *Motion*, said action would eliminate the need of discovery, or at the very least limit its scope, thereby significantly preserving the economy of time and effort for itself, counsel, and the parties involved.

**WHEREFORE** Alan Bram Goldman very respectfully requests that the Court stay discovery proceedings in this case, pending a ruling on his Motion to Dismiss. This request is made in good faith and in the best interest of both parties and the Court, as it will avoid undergoing significant litigation costs and will economize this Court's time and efforts if it were to rule in Alan Bram Goldman's favor.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 2nd day of July 2021.

*Attorney for Alan Bram Goldman*
**McConnell Valdes LLC**
PO BOX 364225
San Juan, Puerto Rico 00936-4225
270 Ave. Munoz Rivera
Hato Rey, PR 0918
T: 787-250-5604

By: *s/ Antonio A. Arias-Larcada*
Antonio A. Arias, Esq.
USDC-PR 204906
aaa@mcvpr.com

IT IS HEREBY CERTIFIED that on this date we filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice electronically to all counsel at their address of record.

Date: July 2, 2021.                    By: *s/Antonio A. Arias-Larcada*
                                            Attorney