# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TEAL PEAK CAPITAL, LLC; <br><br>*Plaintiff and Counter Defendant*, <br><br>And <br><br>JOHN MICHAEL GRZAN AND NAMRATA KHIMANI <br><br>*Counter Defendant*, <br><br>v. <br><br>ALAN BRAM GOLDMAN; <br><br>*Defendant and Counter Claimant*. | Case No. 3:20-CV-01747 (PAD) <br><br><br>BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |

## DEFENDANT'S RENEWED MOTION TO STAY DISCOVERY AND/OR ORDER A MEDIATION CONFERENCE

**TO THE HONORABLE COURT:**

COMES NOW defendant Alan Bram Goldman (hereinafter, "Mr. Goldman") through the undersigned attorney, and hereby very respectfully states and prays:

### I. INTRODUCTION

1. On June 18, 2021, Mr. Goldman filed his Motion to Dismiss the Amended Complaint (hereinafter, the "*Motion*") filed by Teal Peak Capital LLC (hereinafter, "TPC"). *See* Docket No. 63.

2. Shortly thereafter, on July 2, 2021, Mr. Goldman filed a Motion to Stay Discovery pending Mr. Goldman's *Motion* as it would be imprudent to engage in a potentially needles and costly discovery. *See* Docket No. 70.

3. On July 6, 2021, this Honorable Court ordered that it "will await for close of motion cycle to rule on the [Motion to Stay Discovery]." *See* Docket No. 72.

4. On July 14, 2021, TPC filed its Opposition to the *Motion*. *See* Docket No. 80.

5. Today, July 30, 2021, Mr. Goldman filed his Reply to TPC's Opposition. *See* Docket No. 87.

6. As such, the motion cycle has concluded, and this Honorable Court is in position to rule on Mr. Goldman's Motion to Stay Discovery.

7. Notwithstanding, Mr. Goldman files the present Renewed Motion to Stay Discovery to respectfully request from this Honorable Court to GRANT a stay pending resolution of the *Motion* and order a pretrial mediation conference. The foregoing will save the parties legal expenses, time, effort, wasteful pretrial activities, and will certainly expedite the disposition of the action.

## II. **MOTION TO STAY STANDARD**

8. According to the Supreme Court, United States District Courts have "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (*citing* Landis v. North Am. Co., 299 U.S. 248 (1936)). This discretionary power to control its own docket is seen through the lens of preserving the "economy of time and effort for itself, for counsel, and for litigants." Landis, 299 U.S. at 254-55.

9. Courts, in the exercise of their discretionary power, tend to defer or stay discovery while a motion to dismiss is pending. See Jimenez v. Nielsen, 326 F.R.D. 357, 361 (D. Mass. 2011); Guttenberg v. Emery, 26 F.Supp.3d 88, 97 (D.D.C 2014). Given the potential outcome of dismissal, Courts can utilize this discretion to avoid the unwanted, yet frequent, exploitation of flexible pretrial discovery rules. See Herbert v. Lando, 441 U.S. 153, 179 (1979) (Justice Powell *concurring*).

10. In deciding to exercise its discretionary power to stay proceedings, the court should balance the interests of the parties and the Court. See Landis, 299 U.S. at 254-55.

### III. **PRETRIAL CONFERENCES**

11. "Federal Rule of Civil Procedure 16 and Local Rule 16 govern the pretrial management of cases in order to narrow the factual and legal issues before the court." Pagan Colon v. Walgreens de San Patricio, Inc., 269 F.R.D. 165, 167 (D.P.R. 2010).

12. Rule 16 of the Federal Rules of Civil Procedure gives the Court discretion to order the attorneys and any unrepresented party to appear

> for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement.

Fed. R. Civ. P. 16(a).

13. Indeed, the Court may consider, among other matters, (i) "formulating and simplifying the issues, and eliminating frivolous claims or defenses"; (ii) "settling the case and using special procedures to assist in resolving the dispute when authorized by statute or local rule"; (iii) "disposing of pending motions"; and (iv) "facilitating in other

ways the just, speedy, and inexpensive disposition of the action." *See* Fed. R. Civ. P. 16(c)(2).

## IV. <u>ARGUMENT</u>

14. Now that the motion cycle of Mr. Goldman's *Motion* is done with, the Court should consider the potentially excessive cost of time, effort, and money to this Court and the parties involved. The above should, respectfully, move the Court to stay discovery proceedings pending the resolution of the *Motion* and to order a Pretrial Conference to mediate and simplify the issues in the present litigation, assist in the settling of the case, and dispose of the pending motions.

15. Without admitting any default in his obligations pursuant to the Option to Purchase Agreement, Mr. Goldman is in the process of consigning the Option Fee with the Court in a matter of days. Seeing that Clause 15 limits the remedies available to the purchaser and dictates that the proper remedy is the return of the Option Fee, a pretrial conference will indeed expedite the resolution of the present litigation, or at the very least simplify the issues at hand.

16. In light of the foregoing, the Court should, respectfully, stay discovery pending resolution of the *Motion* and order a pretrial mediation conference with the goal of preserving the economy of time and effort for itself, counsel, and the parties involved.

**WHEREFORE** Alan Bram Goldman very respectfully requests that the Court stay discovery proceedings in this case, pending a ruling on his Motion to Dismiss and order a pretrial mediation conference to (i) simplify the issues before this Court, (ii) assist in the settling of the case, and (iii) dispose of the pending motions. This request is made in good faith and in the best interest of all the parties involved and the Court, as it will avoid undergoing significant litigation costs and will economize this Court's time and efforts.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 30th day of July 2021.

*Attorney for Alan Bram Goldman*
**McConnell Valdés LLC**
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Ave. Muñoz Rivera
Hato Rey, PR 0918
T: 787-250-5604

By: s/ Antonio A. Arias-Larcada
Antonio A. Arias-Larcada, Esq.
USDC-PR 204906
aaa@mcvpr.com

IT IS HEREBY CERTIFIED that on this date we filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice electronically to all counsel at their address of record.

Date: July 30, 2021.                              By: s/Antonio A. Arias-Larcada
                                                              Attorney