| | |
|---|---|
| **TEAL PEAK CAPITAL, LLC;** Plaintiff, v. **ALAN BRAM GOLDMAN**; Defendants. | Civil No. 3:20-cv-1747 Breach Of Contract; Specific Performance Of Contract; Reimbursement Of Funds, Costs And Expenses |

# Teal Peak's Response to "*Motion to Consign Funds*"

**To the Honorable Court:**

**Comes Now**, Teal Peak Capital, LLC ("TPC"), and through the undersigned attorney, respectfully states and prays:

1. After a year of receiving the $800,000 paid by TPC and benefiting economically from them, Mr. Goldman finally did what he –alone—has been saying from the beginning he would do: consign the $800,000 in court. This, however, changes and moots nothing.

2. First, this action arises because after a valid and arms-length negotiation resulting in the execution of an Option to Purchase Agreement, defendant Mr. Goldman willfully and in bad-faith refused to transfer title of his property despite TPC having exercised its option in accordance with the terms of the Agreement. Thus, what TPC is asking for is the specific performance of the Option to Purchase Agreement through an Order directing a third party to sign the Deed of Sale at Mr. Goldman's expense. The consignment by Mr. Goldman of the security deposit does nothing to alter the facts of

this case nor TPC's legal rights and prayer for relief.  TPC reaffirms its demand for specific performance.

3. Second, it is inconsistent with the truth to say that "throughout this case" TPC has been "asking for their money back".  *See* Docket No. 99.  TPC has <u>not</u> been asking for its money back.  TPC has been asking for Mr. Goldman to sign the Deed of Sale as agreed.  Only in the event specific performance is an impossibility has TPC sought damages and, as part of those damages, the return of the security deposit.  But again, that is not what TPC wants and any reference for the return of that money has been made as an alternative claim.  Equally, to further demonstrate that Mr. Goldman is acting in bad faith and requesting remedies with unclean hands.  For example, when, on the one hand, Mr. Goldman joins third parties and alleges that together with TPC they defrauded him –which, under Clause 14 of the Option to Purchase Agreement would entitle him to keep the security deposit— and, on the other, avers that all he must do is return the money to put an end to the case, but keeps it and benefits economically from it.

4. Last but not least, several months ago, the parties (through their respective attorneys) held multiple conversations to see if they could reach an agreement and end the current litigation.  The conversations went nowhere, for all Mr. Goldman wants is to get out of the Agreement and sell the property to another buyer at a higher price.  He is not interested in honoring the terms of the Option to Purchase Agreement and that is simply unacceptable to TPC.  More so when TPC is convinced – and possesses the evidence to prove —that it negotiated the Option to Purchase

Agreement in good faith, that it exercised the Option in time, and that Mr. Goldman went back on his word and refused to authorize the signing of the Deed of Sale because he later found out that someone else was willing to pay more for the property.  Further, Mr. Goldman has no evidence to prove any of his allegations, and even then, non are sufficient to render the Option to Purchase Agreement null *ab initio*, as a matter of law.  Indeed, Mr. Goldman's recent responses to TPC's Interrogatories demonstrate that he possesses no evidence to prove any act or omission attributable to TPC that would render the Agreement invalid or unenforceable.  To the contrary, the documents produced suggest that it was Mr. Goldman who was defrauding TPC, by actively engaging with other prospective buyers and agreeing with them to sell the property, while simultaneously representing to TPC that they had an agreement.  Thus, <u>TPC is not open nor does it agree to engage in any form of mediation at this stage of the proceedings</u>.  TPC will now continue with the depositions of all who Mr. Goldman identified as individuals with knowledge of his allegations.

**Wherefore**, TPC asks this Honorable Court to take notice of the above and provide for the continuation of the proceedings.

**Respectfully Submitted.**

In San Juan, Puerto Rico, this 16th of November 2021.

**I hereby certify** that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to the attorneys of record.

**Sánchez-Betances, Sifre & Muñoz-Noya, LLC**
33 Calle Bolivia, Suite 500
San Juan, PR 00917
t. 787-756-7880
f. 787-753-6580

s/*Adrián Sánchez-Pagán*
**Adrián Sánchez-Pagán**
USDPR NO. 223311
asanchez@sbsmnlaw.com