# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TEAL PEAK CAPITAL, LLC;<br><br>*Plaintiff and Counter Defendant*,<br><br>And<br><br>JOHN MICHAEL GRZAN AND NAMRATA KHIMANI<br><br>*Counter Defendant*,<br><br>v.<br><br>ALAN BRAM GOLDMAN;<br><br>*Defendant and Counter Claimant*. | Case No. 3:20-CV-01747 (PAD)<br><br>BREACH OF CONTRACT; SPECIFIC PERFORMANCE OF CONTRACT; REIMBURSEMENT OF FUNDS, COSTS AND EXPENSES |

## **DEFENDANT'S ANSWER TO AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

COMES NOW defendant Alan Bram Goldman ("Mr. Goldman") through the undersigned attorney, and hereby answers the amended complaint filed by Teal Peak Capital LLC ("TPC" or "Plaintiff") on May 28, 2021 (the "Amended Complaint"). Except as expressly admitted, qualified or explained herein, Mr. Goldman denies each and every allegation, matter or thing set forth in the Amended Complaint:

### **I. NATURE OF ACTION**

1. Paragraph 1 of the Amended Complaint is denied. Mr. Goldman did not act negligently, willfully or in bad faith when failing to sell the property object of this litigation.

### **II. THE PARTIES**

2. Paragraph 2 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

3. Paragraph 3 of the Amended Complaint is accepted.

4. Paragraph 4 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. If this Court deems that a responsive pleading is required, Paragraph 4 is denied for being subjective and speculative.

### III. JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Amended Complaint, Mr. Goldman states that it asserts a jurisdictional statement and a conclusion of law as to which no responsive pleading is required.

6. In response to Paragraph 6 of the Amended Complaint, Mr. Goldman states that it asserts a jurisdictional statement and a conclusion of law as to which no responsive pleading is required.

### IV. FACTS

7. Paragraph 7 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

8. Paragraph 8 of the Amended Complaint is accepted.

9. Paragraph 9 of the Amended Complaint is accepted.

10. Paragraph 10 of the Amended Complaint is accepted.

11. Paragraph 11 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

12. Paragraph 12 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

13. Paragraph 13 of the Amended Complaint is accepted in part. Although Mr. Goldman did agree on the price for the Property ($3,250,000), he did so due to the complex of bad deeds, contrary to the laws of honesty and good faith of Mr. Grzan. Namely, Mr. Grzan concealed that Ferraiuoli LLC was his legal representative, a legal firm previously employed by Mr. Goldman in matters concerning the Property. Mr. Grzan's dolus was exacerbated by his

knowledge of Mr. Goldman's medical conditions such as cancer, losing one kidney, losing half a bladder, losing part of his prostate, losing his belly button, PTSD and various skin conditions.

14. Paragraph 14 of the Amended Complaint is accepted.

15. Paragraph 15 of the Amended Complaint is accepted.

16. Paragraph 16 of the Amended Complaint is accepted in part. Mr. Goldman was concerned with the personal items in the Property and with the logistics of moving said items out as he could not travel to Puerto Rico due to his precarious medical condition and the Covid-19 pandemic. It is precisely because of this fact that the Option to Purchase Agreement was not signed by Mr. Goldman. Indeed, at this time, Mr. Grzan and his wife Namrata Khimani ("Ms. Khimani") were looking at other properties in the area meaning that the deal was still far from closing: "FYI, they just told me they looked at another lot yesterday and they are going back tomorrow. Not trying to pressure but I would like to help here and they have been waiting on the contract since we talked on the 14th. If you can get it to me ASAP I want to try to get this done." Lastly, Mr. Goldman's statement that his "home is under contract to a nice family! I keep my word" is taken out of context. Mr. Goldman expressed the foregoing in response to the interest of three potential buyers, not directly to Mr. Grzan. Consequently, Mr. Goldman's statement cannot be construed to mean that a contract was executed between him and Mr. Grzan.

17. Paragraph 17 of the Amended Complaint is denied in part. Again, the statement that his "home was under contract" is taken out of context. Mr. Goldman did not state the foregoing to Mr. Grzan directly and instead was said in response to the interest of other potential buyers. A contract was not executed between him and Mr. Grzan at that time. Mr. Goldman does accept that on October 20, 2020, he had received another offer for $3,750,000. As a courtesy, Mr. Goldman asked Grzan and Kimani whether they wanted to match it.

18. Paragraph 18 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. If this Court deems that a responsive

3

pleading is required, Paragraph 18 is accepted only for the purposes of the averment that Mr. Grzan procured a signed Option to Purchase Agreement with the $3,750,000 purchase price.

19. Paragraph 19 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. If this Court deems that a responsive pleading is required, Paragraph 19 is denied as it does not proffer the full story. Mr. Goldman sent the Draft of the Option to Purchase Agreement with the $3,750,000 purchase price on October 21, 2020 at 3:07 AM. That same day, at 6:34 AM, or three (3) and 24 minutes later, Mr. Grzan identified the errors alluded to in Paragraph 19 of the Amended Complaint. By 6:59 AM of that same day, or 25 minutes after Mr. Grzan's email identifying the errors, Mr. Grzan sent the reformatted Draft of the Option to Purchase Agreement, which already had the signature of Mr. Goldman. At 5:43 PM of that same day, Mr. Goldman stated: "Dear JM, My home of many years is now yours. Please feel free to call any time tonight. Kind regards, Alan." Mr. Grzan responded on October 22, 2020 at 12:17 AM stating that the printer had issues and that he would send the signed agreement later in the morning. Mr. Grzan then sent the signed Option to Purchase Agreement on October 22, 2020 at 8:19 AM. By then the Option to Purchase Agreement had expired.

20. Paragraph 20 of the Amended Complaint is denied. It was actually Mr. Grzan who recognized that the Option to Purchase Agreement had expired: "Hey Alan, That contract we returned is actually not valid I realize. It had an expiration and needed to be returned and signed last night. Which it obviously was not. Can you please send another valid contract?" This communication was after Mr. Goldman followed up after not receiving Mr. Grzan's signature: "Hi Jm, I called your voice mail is full. I need to please know if you are moving forward. Thanks Alan." And after Mr. Grzan had sent a signed Option to Purchase Agreement.

21. Paragraph 21 of the Amended Complaint is denied. Grzan and Khimani did originally accept the terms as they signed the Option to Purchase Agreement, albeit late. However, Grzan and Khimani did renege on October 22, 2021 at 12:39 PM.

22. Paragraph 22 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

23. Paragraph 23 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

24. Paragraph 24 of the Amended Complaint is accepted only for the purposes of establishing that Mr. Goldman did send the referenced email. Notwithstanding, Ferraiuoli LLC also represented another potential buyer of the Property at the same time Mr. Goldman was negotiating with Grzan and Khimani. Ferraiuoli LLC's other client presented a substantially more lucrative offer, which was suddenly and mysteriously withdrawn by one of Ferraiuoli LLC's attorneys with no explanation.

25. Paragraph 25 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. If the Court deems that a responsive pleading is required, Mr. Goldman accepts Paragraph 25 only for the purpose of establishing that he agreed to lower the price to $3,150,000, albeit thanks to Ferraiuoli LLC's involvement with another potential buyer who suddenly and mysteriously withdrew the more lucrative offer.

26. Paragraph 26 of the Amended Complaint is accepted.

27. Paragraph 27 of the Amended Complaint is accepted.

28. Paragraph 28 of the Amended Complaint is accepted.

29. Paragraph 29 of the Amended Complaint is accepted.

30. Paragraph 30 of the Amended Complaint is accepted.

31. Paragraph 31 of the Amended Complaint is denied. Mr. Goldman possesses several pieces of material information that prior to the signing of the Option to Purchase Agreement on October 23, 2020, Mr. Grzan and/or his wife Ms. Khimani were represented by Ferraiuoli, LLC in the process of negotiating the Option to Purchase Agreement. Namely, several emails stating that Mr. Grzan would be checking with his attorneys as it pertains to the agreement between Mr. Goldman coupled with Mr. Grzan's statement that Ferraiuoli was "a law firm that I

5

have had a relationship with long before me and you ever spoke, giving you a heads up that I would need to take legal action to protect my rights if we were unable to close."

32. Paragraph 32 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

33. Paragraph 33 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

34. Paragraph 34 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

35. Paragraph 35 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

36. Paragraph 36 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments. Mr. Goldman avers that he was sued in local court by Gerald Kleis Pasarell and has vigorously defended and will continue to defend against said legal action.

37. Paragraph 37 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments. Mr. Goldman avers and accepts that there was a Notice of Lis Pendens in the Registry of Property for monies owed in the amount of $31,500.00, which inevitably stalled the closing of the sale of the Property and further proves that the Property was not ready for closing.

38. Paragraph 38 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied as drafted. Although Mr. Grzan did attempt to close within the Exercise Period. It is imperative that this Court is made aware of the fact that the failure to close was not due to any negligence or breach of contract by Mr. Goldman. Mr. Goldman asserts that he was complying with his obligation to sell

the property until it he was blindsided by the buyers. Namely, shortly before the sale of the Property was closed, Mr. Goldman became aware of Ferraiuoli LLC's representation. Ferraiuoli LLC had previously represented Mr. Goldman in a litigation having to do with the Property and Grzan and Khimani were aware of this fact from the onset of the negotiations. Ferraiuoli LLC also represented another potential buyer of the Property at the same time Mr. Goldman was negotiating with Grzan and Khimani. Ferraiuoli LLC's other client presented a substantially more lucrative offer, which was suddenly and mysteriously withdrawn by one of Ferraiuoli LLC's attorneys with no explanation. These actions and omissions conferred the buyers an unfair advantage in the negotiations, and, ultimately, made a mess of the closing of the Property.

39. Paragraph 39 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied. Plaintiff and Mr. Grzan violated the implied covenant of good faith. Plaintiff and Mr. Grzan had ample opportunities to disclose that Ferraiuoli LLC was their legal representative. Instead, they purposefully and in bad faith concealed that fact from Mr. Goldman. Plaintiff knew that Ferraiuoli LLC had represented him in a related subject matter, and that Ferraiuoli LLC also represented Mr. Lee, another potential buyer who offered a way more lucrative offer.

40. Paragraph 40 of the Amended Complaint is denied. Mr. Goldman's alleged breach of contract was due solely to the purposeful and willful omissions of by the buyers which sabotaged the closing of the sale of the Property. Furthermore, Grzan and Khimani have purposefully not complied with the terms of the agreement, have sent deposits late in violation of the agreement, have used Mr. Goldman's status as a senior citizen, recovering cancer survivor with underlying medical conditions, the state of emergency in Puerto Rico and Vermont due to COVID-19 to take advantage of Mr. Goldman and portray him as the party who breached the contract. Grzan and Khimani concealed Ferraiuoli LLC's involvement throughout the negotiations.

41. Paragraph 41 of the Amended Complaint is accepted.

42. Paragraph 42 of the Amended Complaint is accepted.

43. Paragraph 43 of the Amended Complaint is accepted.

44. Paragraph 44 of the Amended Complaint is accepted.

45. Paragraph 45 of the Amended Complaint is denied. Mr. Goldman provided the bank information to Mr. Grzan. The deposit payment was not received on time.

46. Paragraph 46 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. If one is required, Mr. Goldman accepts that he received a total of $800,000.00 from Mr. Grzan and later returned it.

47. As it pertains to paragraph 47 of the Amended Complaint, Mr. Goldman accepts that he had knowledge of the late deposit payment and chose to accept it.

48. As it pertains to paragraph 48 of the Amended Complaint, Mr. Goldman accepts that he received the funds without any objection.

49. Paragraph 49 of the Amended Complaint is denied. Mr. Goldman was not put on notice of the assignment of the Option to Purchase Agreement to Plaintiff. Mr. Goldman sustains that Mr. Grzan had agreed to settle with Mr. Kleis the lawsuit he had filed for collection of money on local court. Mr. Goldman was also aware that Mr. Grzan stated that the settlement was contingent on them closing the Property. However, Mr. Goldman did not participate in any settlement talks with Mr. Kleis and, as such, could not be expected to honor any such dealings especially when Mr. Kleis' filing of the lawsuit was nothing more than a dilatory and predatory tactic to force Mr. Goldman on paying him a realtor commission fee before the purchase of the Property was effected.

50. Paragraph 50 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

51. Paragraph 51 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

52. Paragraph 52 of the Amended Complaint is denied.

53. Paragraph 53 of the Amended Complaint is denied.

54. Paragraph 54 of the Amended Complaint is denied.

55. Paragraph 55 of the Amended Complaint is denied.

56. Paragraph 56 of the Amended Complaint is denied.

57. Paragraph 57 of the Amended Complaint is denied.

58. Paragraph 58 of the Amended Complaint is accepted only for the purposes of establishing that the closing was set for December 23, 2020; the rest is denied.

59. Paragraph 59 of the Amended Complaint is accepted only for the purposes of establishing that the closing was set for December 23, 2020; the rest is denied.

60. Paragraph 60 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

61. Paragraph 61 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

62. Paragraph 62 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required.

63. Paragraph 63 of the Amended Complaint is denied. Mr. Goldman asserts unequivocally that he did comply with his contractual obligations under the Option Agreement. Nonetheless, shortly before the sale of the Property was closed, Mr. Goldman became aware of Ferraiuoli LLC's representation. Ferraiuoli LLC had previously represented Mr. Goldman in a litigation having to do with the Property and Mr. Grzan was aware of this fact from the onset of the negotiations. Ferraiuoli LLC also represented another potential buyer of the Property at the same time Mr. Goldman was negotiating with Mr. Grzan. Ferraiuoli LLC's other client presented a substantially more lucrative offer, which was suddenly and mysteriously withdrawn by one of Ferraiuoli LLC's attorneys with no explanation.

64. Paragraph 64 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

65. Paragraph 65 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

66. Paragraph 66 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

67. Paragraph 67 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

68. Paragraph 68 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

69. Paragraph 69 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

70. Paragraph 70 of the Amended Complaint contains no specific allegations against Mr. Goldman and, thus, no responsive pleading is required. Otherwise, it is denied for lack of knowledge or information sufficient to form a belief as to the truth of such averments.

71. Paragraph 71 of the Amended Complaint is denied. Mr. Goldman consigned the entirety of the $800,000.00 with the Court on November 12, 2021. *See* Docket Nos. 99 and 100.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT – SPECIFIC PERFORMANCE**

72. Paragraph 72 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required. Mr. Goldman references and alleges herein the responses set forth in paragraphs 1 to 71 and the entirety of his *Counterclaim* (Docket No. 26).

73. Paragraph 73 of the Amended Complaint is denied.

74. Paragraph 74 of the Amended Complaint is denied.

75. Paragraph 75 of the Amended Complaint is denied.

76. Paragraph 76 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

77. Paragraph 77 of the Amended Complaint is denied.

78. Paragraph 78 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

79. Paragraph 79 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

80. Paragraph 80 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

81. Paragraph 81 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

82. Paragraph 82 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

83. Paragraph 83 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required. If a responsive pleading is required, it is denied.

84. Paragraph 84 of the Amended Complaint is accepted for the sole purpose of establishing that as it stands, Mr. Goldman has no intention of selling his Property to Mr. Grzan and/or TPC.

85. Paragraph 85 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

**SECOND CAUSE OF ACTION: DAMAGES – LOST OF RENT**

86. Paragraph 86 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

87. Paragraph 87 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

88. Paragraph 88 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

89. Paragraph 89 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

90. Paragraph 90 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

91. Paragraph 91 of the Amended Complaint is denied. Mr. Goldman asserts unequivocally that he did comply with his contractual obligations under the Option Agreement, and he complied by keeping the Property out of the market during the term of the option which expired and was not renewed.

92. Paragraph 92 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

93. Paragraph 93 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

**THIRD CAUSE OF ACTION: ALTERNATIVE DAMAGES**

94. Paragraph 94 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required. Mr. Goldman references and alleges herein the responses set forth in paragraphs 1 to 93 and the entirety of his *Counterclaim* (Docket No. 26).

95. Paragraph 95 of the Amended Complaint is denied.

96. Paragraph 96 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

97. Paragraph 97 of the Amended Complaint is denied. The entirety of the $800,000.00 were consigned with the Court on November 12, 2021. *See* Docket Nos. 99 and 100.

98. Paragraph 98 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required.

99. Paragraph 99 of the Amended Complaint contains no specific allegation against Mr. Goldman and, thus, no responsive pleading is required. In any case, Mr. Goldman asserts unequivocally that he did comply with his contractual obligations under the Option Agreement and he complied by keeping the Property out of the market during the term of the option which expired and was not renewed.

**PRAYER**

100. The allegations contained in this paragraph is a prayer for relief which does not require a response from Mr. Goldman; to the extent that it does, Mr. Goldman denies it.

**GENERAL DENIAL**

All allegations not specifically admitted herein are hereby denied.

**AFFIRMATIVE DEFENSES**

Mr. Goldman, while reserving the right to assert other defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiff, asserts the following separate and independent affirmative defenses in further opposition to the Complaint:

1. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

2. Plaintiff has acted in bad faith.

3. Plaintiff acted in a deceitful, or dolo, manner. If Mr. Goldman had known of the crucial piece of information Plaintiff concealed, then he would not have entered into an Option to Purchase Agreement.

4. Mr. Goldman's alleged breach of contractual obligations was due solely to Plaintiff's (and John Michael Grzan's) willful actions and omissions. As such, any damages claimed by the Plaintiff are unfounded, exaggerated, and self-inflicted.

5. Mr. Goldman did not act with fault or negligence, be it willfully, intentionally, recklessly or otherwise, towards Plaintiff.

6. Mr. Goldman has complied with all of his legal and contractual obligations under the terms of the Option Agreement.

7. Plaintiff has no further rights aside from the deposit that has been returned and any verifiable out-of-pocket expenses related to the closing.

8. Pursuant to Clause 5 of the Option to Purchase Agreement, Plaintiff's right to purchase expired on December 23, 2020. Therefore, the Complaint fails to state a claim upon which relief can be granted.

9. At all times, Mr. Goldman acted in good faith and in accordance with the law.

10. Mr. Goldman hereby reserves the right to amend his answers and/or affirmative defenses as well as incorporate additional defenses, based on the facts it may obtain during the discovery proceedings to be conducted in this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 12th day of August 2022.

IT IS HEREBY CERTIFIED that on this date we filed a true and correct copy of the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice electronically to all counsel at their address of record.

Date: August 12, 2022                                By: s/Antonio A. Arias-Larcada
                                                         Attorney

*Attorney for Alan Bram Goldman*
**McConnell Valdés LLC**
PO Box 364225
San Juan, Puerto Rico 00936-4225
270 Ave. Muñoz Rivera
Hato Rey, PR 0918
T: 787-250-5604

By: s/ Antonio A. Arias-Larcada
Antonio A. Arias-Larcada, Esq.
USDC-PR 204906
aaa@mcvpr.com